McIntosh Mining Company *v.* Red Cloud Zinc Company
OF ARKANSAS.

Opinion delivered January 17, 1916.

1.   MORTGAGES—PURPOSE OF EXECUTION—DEBT SECURED.—A deed of trust was executed by a corporation to one W. as trustee for L.   The evidence was conflicting on the issue whether the trust deed was executed for the purpose of securing general creditors, or of securing L. simply.   *Held,* under the evidence the trust deed was executed to secure L., only.

2.   MORTGAGES—RELEASE—OBJECTIONS BY GENERAL CREDITORS.—The lands of a mining corporation were subject to a deed of trust given to secure the claim of one L.   Thereafter the purchaser of the lands gave a mortgage upon the same and upon the personal property of the corporation, to secure a pre-existing debt, to the original corporation, which had sold the property to the grantor of the said mortgagor.   It was agreed that L. release his rights under his trust deed in order to effect this transaction.   *Held,* general creditors of the corporations to which the original owner had sold the property, having no interest in the mortgage to L., could not object to the release thereof, and that the mortgage last executed to the original owner was good as against general creditors.

Appeal from Marion Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

The issues and such of the facts as are undisputed are correctly stated by counsel for appellees substantially as follows: On the 3d of August, 1909, the Red Cloud Mining Company, of Rush, Arkansas, conveyed certain mining lands situated in Marion County by warranty deed to Paul A. J. Koehler and Dwight O. Wheeler for a consideration of $75,000. Five thousand dollars was paid in cash and Koehler and Wheeler executed their notes for the balance and a mortgage on the lands to secure the same.

Koehler and Wheeler, on the 10th of August, 1909, conveyed the same lands to the Red Cloud Zinc Company, of Arkansas, which company assumed the indebtedness of Koehler and Wheeler to the Red Cloud Mining Company of Rush, Arkansas.

On the 4th day of January, 1911, the Red Cloud Zinc Company, of Arkansas, executed to Sam W. Williams, as trustee for Martin W. Littleton, a mortgage upon the above lands and also upon certain personal property, consisting of mill machinery, etc., to secure a purported indebtedness of the company to Littleton of $25,000. This mortgage was a first mortgage on the personal property named therein, owned by the Red Cloud Zinc Company, of Arkansas, but was subject to the prior mortgage on the land given by Koehler and Wheeler to the Red Cloud Mining Company, of Rush, Arkansas.

On the 16th of June, 1911, the Red Cloud Zinc Company, of Arkansas, sold its property, real and personal, to the Red Cloud Zinc Company, of Delaware, and as a part of the consideration the latter company assumed the indebtedness due to the Red Cloud Mining Company, of Rush, Arkansas.

In January, 1912, the notes of Koehler and Wheeler for the original purchase money were past due and payment was demanded. The Red Cloud Zinc Company, of Delaware, which had assumed this indebtedness, and

Martin W. Littleton, who was one of the principal stock-holders and owners of that company, desiring to secure an extension of time in which to pay the indebtedness, proposed that if the Red Cloud Mining Company of Rush, Arkansas, would accept a partial payment of $8,000 that the Red Cloud Zinc Company of Delaware would execute its note for the balance in lieu of the notes of Koehler and Wheeler and would cause the mortgage upon the personal property executed to Sam W. Williams, trustee for Martin W. Littleton, to be released, and would execute a new mortgage to the Red Cloud Mining Company, of Rush, Arkansas, upon the lands and personal property, so that that company would have a first mortgage upon the personal, as well as the real property. The proposition as made was accepted by the Red Cloud Mining Company, of Rush, Arkansas, and the payment was made and the mortgage executed according to the agreement.

The mortgage to Williams, trustee for Littleton, was released, and new notes and mortgage were executed to the Red Cloud Mining Company, of Rush, Arkansas, and Chas. M. Green, trustee. One note was for $6,000, due July 1, 1912, and there were four other notes for $14,-791.33 each, dated January 12, 1912, due respectively one, two and three years after date, bearing interest at the rate of five per cent. per annum. Each of these notes contained a provision that failure to pay the same when due would mature the entire indebtedness.

On the 13th of April, 1913, default having been made in the payment of the notes then past due, suit was instituted in the Marion Chancery Court by the Red Cloud Mining Company, of Rush, Arkansas, and Chas. M. Green, as trustee, to foreclose the mortgage given to secure the indebtedness.

On the 30th of April, 1913, the McIntosh Mining Company and H. H. Gallup, claiming to be general creditors of the Red Cloud Zinc Company, of Arkansas, instituted suit in the Marion Chancery Court against the Red Cloud Zinc Company, of Arkansas, the Red Cloud Zinc

Company of Delaware, the Red Cloud Mining Company, of Rush, Arkansas, and Chas. M. Green, its trustee, Charles LeVasseur, Sam Williams, individually and as trustee for Martin W. Littleton, the Bank of Yellville, Walter Layton and the Dupont Powder Company, whereby they sought judgment for the indebtedness alleged to be due them, and set up that the mortgage executed by the Red Cloud Zinc Company, of Arkansas, to Sam W. Williams, as trustee for Martin W. Littleton, was for the purpose of obtaining money with which to pay the general creditors of said zinc company, and that Littleton was trustee for the general creditors, and alleged that Littleton had no right to release this mortgage, and prayed that the mortgage executed to Sam Williams, as trustee for Littleton, on the 4th of January, 1911, be revived and foreclosed upon the personal property.

On the 27th of October, 1913, the Red Cloud Mining Company, of Rush, Arkansas, and Chas. M. Green, its trustee, answered the complaint of the McIntosh Mining Company and Howard H. Gallup, in which they denied that the mortgage executed by the Red Cloud Zinc Company, of Arkansas, on the 4th of January, 1911, to Williams as trustee for Martin W. Littleton was executed for the purpose of securing any claim or claims of general creditors, but set up that the same was executed for the purpose of securing the individual indebtedness of the mortgagor company to Martin W. Littleton. They further alleged that if the mortgage referred to in the complaint was executed for the purpose of securing general creditors that such fact did not appear upon the face of the mortgage; that the Red Cloud Mining Company, of Rush, Arkansas, and Green, trustee, had no notice of such facts, and that the mortgage, having been released by Littleton and Williams, his trustee, that plaintiffs had no claims or rights in connection with the personal property mentioned in their complaint superior to the rights of the Red Cloud Mining Company, of Rush, Arkansas, and that if plaintiffs had any rights they were inferior and subject to the rights and liens of the Red Cloud Min-

ing Company, of Rush, Arkansas, and Chas. M. Green, trustee; that long prior to the filing of the complaint by the McIntosh Mining Company and Gallup, satisfaction of the mortgage had been duly entered on the records in Marion County for the purpose of enabling the Red Cloud Zinc Company, of Delaware, to execute to the Red Cloud Mining Company, of Rush, Arkansas, and to Chas. M. Green, trustee, its first mortgage upon both the personal property, mill and machinery as well as the land mentioned in plaintiff's complaint, all of which, the defendants alleged, was at the time well known to the plaintiffs, their agents and attorneys, and acquiesced in by them.

The two suits were consolidated. The cause was submitted upon the pleadings, and depositions of witnesses, and exhibits and documentary evidence made exhibits, together with certain admissions and stipulations; and the court made findings in accordance with the undisputed facts above set forth, to which no objections are urged on this appeal. And further found that the mortgage of January 12, 1912, executed by the Red Cloud Zinc Company of Delaware, to Chas. M. Green, trustee, and the Red Cloud Mining Company, of Rush, Arkansas, was a first lien upon all real estate and personal property therein mentioned, and that, as between Chas. M. Green, trustee, and the Red Cloud Mining Company, of Rush, Arkansas, and the McIntosh Mining Company and H. H. Gallup with reference to the personal property involved, in favor of Green, trustee, and the Red Cloud Mining Company, of Rush, Arkansas. The court further found that the McIntosh Mining Company and H. H. Gallup were estopped from asserting any claim upon said personal property superior to the claims of Green and the Red Cloud Mining Company, of Rush, Arkansas.

The court found that the Red Cloud Zinc Company, of Arkansas, and the Red Cloud Zinc Company, of Delaware, were indebted to the McIntosh Mining Company in the sum of $1,156.82 and to H. H. Gallup in the sum of $915, and declared the said sums a lien upon the property

second and inferior to the lien of Chas. M. Green, trustee, and the Red Cloud Mining Company, of Rush, Arkansas.

The court also found that the McIntosh Mining Company and H. H. Gallup, as well as the other general creditors of the said Red Cloud Zinc Company, of Arkansas, and the Red Cloud Zinc Company, of Delaware, were entitled to participate with Martin W. Littleton in the mortgage executed to Martin W. Littleton and Sam W. Williams, trustee.

The court rendered a decree, among other things foreclosing the mortgage on the personal property in favor of Chas. M. Green, trustee, and the Red Cloud Mining Company, of Rush, Arkansas.

The record recites the following: "To the refusal of the court to hold that the claims of the McIntosh Mining Company and H. H. Gallup are superior and prior to the claims of Chas. M. Green, trustee, and the Red Cloud Mining Company, of Rush, Arkansas, the McIntosh Mining Company at the time objected and excepted, had their exceptions noted of record, and prayed an appeal to the Supreme Court, which is granted." Other facts will be stated in the opinion.

*Allyn Smith,* for appellants.

A trustee can not contract with reference to trust property to the detriment of the beneficiaries, without their consent. 174 U. S. 683; 107 Ark. 424. The McIntosh Company is entitled to a first lien to the exclusion of all other creditors. It had a right to waive the tortious taking. It had a written contract that the property would be paid for or returned and neither was done. The Red Cloud had the use for two years. Cases, *supra.*

*Walker & Walker,* for appellees.

Martin W. Littleton did not hold the mortgage as trustee for the general creditors, but it was a deed of trust in favor of Martin W. Littleton individually from loss on account of a loan for which he was personally liable. A trust may be enforced against a trustee, etc., or any one else having notice, but can not be enforced against one who acquires the property in good faith and

without notice of the trust or equities giving rise thereto. Especially where the *cestui que trust* had knowledge at the time of the transaction by which the property was so acquired.   39 Cyc. 526-7-8; 84 Ark. 150; 97 *Id.* 402; 49 Fed. 19.

Even if Littleton was a trustee for the creditors, it was at most a secret trust, and one dealing with the property without notice of such fact will be protected. 4 Ark. 296; 80 *Id.* 319; 107 *Id.* 321.   Appellants are estopped by their acts and assent to the cancellation of the mortgage of January 4, 1911, and received benefits in money based thereon.   39 Cyc. 5656.

The decree is right and should be affirmed.

Wood, J., (after stating the facts).   *First.*   The first and principal question to be determined is whether or not the mortgage of January 4, 1911, executed by the Red Cloud Zinc Company, of Arkansas, to Sam W. Williams, as trustee for Martin W. Littleton, to secure the sum of $25,000, was executed for the purpose of enabling Littleton to raise a fund of $25,000 for the benefit of the general creditors of the Red Cloud Zinc Company, of Arkansas, or whether it was for the purpose of indemnifying Littleton individually against any loss that he might sustain on account of a loan he had been instrumental in procuring for the Red Cloud Zinc Company of Arkansas, and which he had personally guaranteed.   This was an issue of fact.

Witness Williams, who drew the mortgage of January 4, 1911, testified concerning it substantially as follows:   Jesse M. Littleton and Capt. Charles LeVasseur were present and gave witness the information from which to draft the mortgage.   Littleton stated to him the purpose for which the mortgage was drawn in the presence of LeVasseur.   Witness did not know anything about that mortgage having been intended for the purpose of securing any person other than Littleton.   The first that witness heard of such a purpose "was a short time before Mr. Allyn Smith filed this suit, in which he claimed it."

Jesse M. Littleton testified on this issue as follows: "On the 4th of January, 1911, I was president of the Red Cloud Zinc Company, of Arkansas, and director in said company and owned the majority of the stock in said company. On said date the Red Cloud Zinc Company, of Arkansas, did execute to Sam Williams, trustee, for the benefit of Martin W. Littleton, a mortgage on its real and personal property in Arkansas, and my means of knowing that said mortgage was executed is that I was present at the stockholders and directors meetings authorizing the execution of the note and mortgage, and as president of the company I executed it for the company. The purpose of the execution of the mortgage was to secure payment to Martin W. Littleton of the sum of $25,000, he having advanced to the company, through me, $15,000 and I having borrowed and paid in to the company $10,000. It was to secure the two amounts." After explaining that his brother had furnished to the company of which witness was president, the sum of $15,000, and that he himself had advanced the company the sum of $10,000, he then reiterates, "it (the mortgage) was executed for the purpose of securing him (Martin W. Littleton) for the sum that had already been advanced and which every officer of the company knew had been advanced in cash, and there was no thought of the general creditors being protected under the mortgage at that time, and there was no hint of it and no intention of it."

Martin W. Littleton testified concerning this as follows: "I procured for the Red Cloud Zinc Company, of Arkansas, a loan of $15,000 from the Trust Company of America, the payment of which obligation I guaranteed and this mortgage was executed to secure me against loss on account of my guaranteeing said loan."

On behalf of the appellants Charles LeVasseur testified concerning this issue substantially as follows: He was a stockholder and secretary of the Red Cloud Zinc Company, of Arkansas. As the Red Cloud Zinc Company, of Arkansas, at the beginning of 1911 was indebted to its general creditors in excess of $25,000, to protect its

general creditors it executed to Martin W. Littleton, for no other consideration, a mortgage for the sum of $25,-000. At the time of the execution of the mortgage the Red Cloud Zinc Company, of Arkansas, did not owe Martin W. Littleton anything. The amount due its general creditors was a large amount. It was understood that the object of the $25,000 trust deed to Martin W. Littleton was to raise money to pay the general creditors of the Red Cloud Zinc Company, of Arkansas. Martin W. Littleton did not pay any money to the Red Cloud Zinc Company, of Arkansas, at the time of the execution of the trust deed to him on January 4, 1911.''

George DeBurghen testified that ''at the time of the execution of the trust deed of January 4, 1911, for $25,-000, the Red Cloud Zinc Company, of Arkansas, was not indebted to Martin W. Littleton in any amount.'' Witness was present at a general meeting of the stockholders and it was understood and agreed at the time of the execution of this $25,000 mortgage of January 4, 1911, that if Martin W. Littleton failed to raise money thereon he was to hold said trust deed for the benefit of and to secure the general creditors of the Red Cloud Zinc Company, of Arkansas. Martin W. Littleton did not pay one cent to the Red Cloud Zinc Company, of Arkansas, at the time of the execution of the $25,000 trust deed to him.''

It will thus be seen that there was a sharp conflict in the evidence on the issue as to whether or not the deed of trust of January 4, 1911, was executed for the benefit of general creditors of the Red Cloud Zinc Company, of Arkansas, or whether it was executed for the purpose of securing Martin W. Littleton individually from loss on account of a loan which he had obtained for that company and for which he had become personally liable. The deed of trust or mortgage itself shows on its face that it was executed to Sam W. Williams as trustee for Martin W. Littleton. The testimony of the draftsman of the instrument shows that such was its purpose, and the testimony of Jesse M. Littleton, who was representing his brother, Martin W., and Martin W. himself, was to the same effect.

While the testimony of LeVasseur and DeBurghen tended to show to the contrary, the preponderance of the evidence clearly shows that the instrument was what it purports to be, towit, a deed of trust to Sam W. Williams, in favor of Martin W. Littleton.

*Second.* The next question is whether or not the mortgage executed by the Red Cloud Zinc Company, of Delaware, on the 12th day of January, 1912, to Charles M. Green, trustee, and the Red Cloud Mining Company, of Rush, Arkansas, of the personal property mentioned therein, and in controversy here, gave to the Red Cloud Mining Company of Rush, Arkansas, and Charles M. Green, trustee, a first lien on such property.

It appears that on the 16th day of June, 1911, the Red Cloud Zinc Company, of Arkansas, sold its property, including the personal property in controversy, to the Red Cloud Zinc Company, of Delaware (hereinafter called the Delaware Company), and as a part of the consideration of that sale the Delaware Company assumed and agreed to pay the indebtedness due to the Red Cloud Mining Company, of Rush, Arkansas. The mortgage of January 12, 1912, was executed in pursuance of an agreement between the Red Cloud Mining Company, of Rush, Arkansas (hereinafter called the Rush Company), and the Delaware Company, and Martin W. Littleton, who was one of the principal stockholders in the latter company.

The indebtedness due the Rush Company which the Delaware Company had assumed was long past due, and in order to procure an extension of time of payment an agreement was entered into by the Delaware Company and Martin W. Littleton, on the one hand, and the Rush Company, on the other, to the effect that the Delaware Company would pay to the Rush Company the sum of $8,000 upon the indebtedness due and that the Delaware Company would execute its notes for the balance due in lieu of the notes of one Koehler and one Wheeler, evidencing the original indebtedness to the Rush Company, and as a further consideration for this extension of the

time of payment that the deed of trust executed to Sam Williams, trustee for the benefit of Martin W. Littleton, on January 4, 1911, should be released, and the personal property included therein should be embraced in the new mortgage to be executed by the Delaware Company to the Rush Company. This arrangement was carried out on the part of the Rush Company by its surrendering the notes of Koehler and Wheeler and accepting the $8,000 cash paid and the notes and mortgage of the Delaware Company, and on the part of the latter company by the execution of the notes and mortgage to the Rush Company and on the part of Littleton by releasing the deed of trust given for his benefit.

Since the deed of trust of January 4, 1911, as we have found, was executed for the benefit of Martin W. Littleton individually, and not to him as trustee for the benefit of the general creditors of the Red Cloud Zinc Company, of Arkansas, it follows as a necessary corollary to such finding that Littleton was the owner of this deed of trust and had the right to do with it as he pleased. The general creditors of the Red Cloud Zinc Company, of Arkansas, among whom were the appellants, had no rights in that deed of trust, and hence they had no right to object to the release of such deed of trust by Martin W. Littleton. The agreement which he and the Delaware Company entered into with the Rush Company was one which they had a right to make, and gave to the Rush Company a first lien on the personal property included in its mortgage, and the chancery court was correct in its finding to that effect.

*Third.* In view of the above findings, it is unnecessary to discuss the question as to whether the Red Cloud Mining Company, of Rush, Arkansas, was an innocent holder for value, and also the question as to whether or not the appellants were estopped. These interesting questions, ably presented in briefs of counsel, necessarily pass out under the conclusion which we have reached on the principal issue of fact above mentioned.

The decree is in all things correct, and it is therefore affirmed.